Filed 5/8/25  N.A. v. L.S. CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(San Joaquin)

----

|  |  |
|---|---|
| N.A.,<br><br>　　　Plaintiff and Appellant,<br><br>　v.<br><br>L.S. et al.,<br><br>　　　Defendants and Respondents. | C099383<br><br>(Super. Ct. No. STAFLPAT20090009265) |

N.A. appeals from an order awarding primary physical custody of his son, J., to K.S. and S.S., J.'s maternal grandparents (grandparents).  This is N.A.'s second appeal concerning physical custody of J.  In the first appeal, a different panel of this court ruled in a December 2022 unpublished opinion (2022 opinion)[1] that the trial court prejudicially erred when it awarded primary physical custody to the grandparents without first making

---

[1] On our own motion, we take judicial notice of that unpublished opinion.  (Evid. Code, §§ 452, subd. (d), 459, subd. (a).)

1

a specific finding that an award of primary physical custody to N.A. would be detrimental to J. (See *N.A. v. L.S.* (Dec. 27, 2022, C095047) [nonpub. opn.].)

The panel reversed the trial court's order and remanded for issuance of a new order under the proper analytical framework. On remand, the trial court issued an order awarding primary physical custody to the grandparents. N.A. contends the trial court erred again. We affirm.

BACKGROUND

We rely on the 2022 opinion for much of the factual and procedural background recited herein.

In 2014, the trial court issued an order awarding joint custody of J. evenly between N.A. and the grandparents. In 2020, the grandparents filed a request for an order modifying custody and N.A. filed his own request for an order awarding him primary legal and physical custody of J. In June 2021, the trial court conducted a bench trial on the parties' requests for modification. The parties stipulated to admission of each side's exhibits, the trial court took judicial notice of the entire file, and numerous witnesses testified, including N.A. and the grandparents.

In August 2021, the trial court issued an order after hearing, finding it was in J.'s best interest to be primarily in the custody of the grandparents. A different panel of this court reversed that order because the trial court failed to make a specific finding that an award of primary custody to N.A. would be detrimental to J. The panel agreed with N.A. that the trial court erred in ruling he had waived his right under Family Code[2] section 3041 to that specific finding because he had agreed to shared custody with the grandparents in 2014.[3]

_____

[2] Undesignated statutory references are to the Family Code.

[3] As the 2022 opinion explained, section 3041 provides in relevant part that before making an order granting custody to a person other than a parent, over the objection of a

2

The prior panel remanded for the trial court to issue an order under the pertinent standard and observed that the trial court "may conclude . . . that awarding custody to N.A. would be detrimental to J., given the psychological impact on J. of N.A.'s behavior towards others."

On remand in a 2023 statement of decision, the trial court found that awarding custody to N.A. would be detrimental to J. as evidenced by N.A.'s behavior toward J., the grandparents, and other adults who frequently interact with J.[4] The trial court explained that before issuing the statement of decision it read the testimony from the 2021 trial, reviewed the entire court file, examined the trial exhibits, and read section 3041 and case law. It recounted that the grandparents testified in 2021 that N.A. is mentally unstable and emotionally abused J. The trial court further explained that trial exhibits supported the testimony of the grandparents, as did N.A.'s "numerous allegations without proof" that the grandparents poisoned J. and are child molesters.

The trial court also found that an award of custody to the grandparents was "essential to avert psychological and physical harm" to J. and therefore was in J.'s best interest. N.A. appealed. The grandparents did not file a respondent's brief.

---

parent, the court must "make a finding that granting custody to a parent would be detrimental to the child and that granting custody to the nonparent is required to serve the best interest of the child." (§ 3041, subd. (a).) "[A] finding that parental custody would be detrimental to the child shall be supported by clear and convincing evidence." (§ 3041, subd. (b).) Thus, "[b]efore granting custody to a nonparent over parental objection, the court must find 'clear and convincing evidence' that 'granting custody to a parent would be detrimental to the child and that granting custody to the nonparent is required to serve the best interest of the child.' " (*Guardianship of Ann S.* (2009) 45 Cal.4th 1110, 1123.)

[4] Earlier in its statement of decision, the trial court explained that N.A. "caused [J.'s] counselor to abandon him as a client due to [N.A.'s] constant bullying and making threats against her." The trial court also referenced evidence regarding N.A.'s behavior toward "teachers, coaches, and other parents."

3

DISCUSSION

I

*Section 3041 Finding*

N.A. contends the trial court erred in its application of section 3041 on remand. We discern two discrete arguments here:  (1) the trial court's decision was "irrational," because despite its stated concerns that N.A. emotionally abused and harmed J., it "g[ave] N.A. nearly 30 percent visitation," and (2) evidence from the 2021 trial does not support the finding that awarding custody to N.A. would be detrimental to J.  These arguments are unavailing.

First, although N.A. does not support his "30 percent visitation" assertion with an adequate citation to the record on appeal, and even assuming the assertion is accurate, the trial court's ruling is not irrational.  Rather, it is rational to attempt to preserve J.'s relationship with his father while awarding primary physical custody to the grandparents. (Cf. *In re James R.* (2007) 153 Cal.App.4th 413, 429 [noting that the parent-child relationship is so significant that interference with it should be justified only by a compelling necessity, such as dangerous abuse, because children may have strong emotional bonds with even the most imperfect parents].)

Second, in support of his assertion that evidence from the 2021 trial does not support the trial court's statement of decision, N.A. cites only the 2022 opinion and a declaration that he signed in October 2023.  When analyzing a claim of insufficient evidence for a trial court's ruling, appellate courts consider only the evidence that the trial court had before it.  (See *Gananian v. Zolin* (1995) 33 Cal.App.4th 634, 638 [" 'We may overturn the trial court's factual findings only if the evidence before the trial court is insufficient as a matter of law to sustain those findings.' "].)  The 2022 opinion is not evidence, and the October 2023 declaration was not before the trial court when it made the ruling on review.

4

Our review of the 2021 trial testimony reveals substantial evidence supporting the trial court's section 3041 finding on remand.[5]  Specifically, the record reflects that N.A. engaged in conduct reflecting mental instability.  On about six occasions when he did not "get his way," police visited the grandparents' home after N.A. asked them to conduct a welfare check to make sure J. was safe.  J.'s basketball coach removed N.A. from the team's online management application, TeamSnap, after he made derogatory comments in a messaging thread visible to parents.  J.'s long-time therapist told the grandparents that she decided to end her relationship with J. because she was no longer willing to put up with N.A.'s threats to her.  And once, in response to a text from J.'s maternal grandmother informing N.A. that J. wanted to speak with him on the telephone, N.A. wrote: "No.  Fuck you and fuck the pussy Warriors with all refs [*sic*] calls throughout the game.  Don't even try, lady.  You're shit to me.  And you know that you're a fake old lady that steals kids.  You steal kids.  So I guess you should apply for Donald Trump citizenship to steal kids.  You're exactly who Trump like [*sic*] for votes and prostitutes.  Prostitutes.  Prostitutes.  Enjoy stealing kids.  You steal people's kids.  Enjoy, thief.  You and your husband are nothing people I see every day on TV who abuse kids and steal and talk shit cuz you're nothing better than TV.  [J.'s maternal grandfather] is a pervert.  He abuses my son."  N.A.'s apparent mental instability provides substantial evidence for the trial court's determination that awarding primary physical custody to N.A. would be detrimental to J.  (*Conservatorship of O.B.* (2020) 9 Cal.5th 989, 995-996 [standard of review]; *Erika K. v. Brett D.* (2008) 161 Cal.App.4th 1259, 1269-1270 ["section 3041,

---

[5]  On our own motion, we take judicial notice of the reporter's transcript of the 2021 trial, which is part of the appellate record in the prior appeal.  (Evid. Code, §§ 452, subd. (d), 459, subd. (a).)

subdivision (c) states that custody can be awarded to a third party even though the child's parents have not been found unfit"].)  Thus, this claim is unpersuasive.[6]

## II

### *"Best Interest" Finding*

N.A. contends the trial court erred in finding it was in J.'s best interest to award primary custody to the grandparents.  We discern two discrete arguments:  (1) the trial court did not indicate that it considered the importance of continuity and stability when it changed J.'s custody arrangement,[7] and (2) the trial court erred by relying on evidence from the 2021 trial rather than conducting a new evidentiary hearing on remand.  We are not persuaded.

First, trial court silence on the importance of stable and continuous custodial arrangements does not demonstrate that a trial court failed to consider the factor.  (See *In re Marriage of LaMusga* (2004) 32 Cal.4th 1072, 1092-1093 [rejecting a contention that the trial court failed to consider children's interest in stable custodial and emotional ties with their mother, emphasizing that a lower court's order is presumed correct and therefore "the lack of . . . a statement" regarding this consideration "does not constitute error and does not indicate that the court failed to properly discharge its duties"].)  Further, the trial court's statement of decision here reflects it did consider this factor when it "recognize[d] that it [was] changing a custody order that . . . existed for six years."

---

[6] To the extent N.A. attempts to make any additional arguments under this claim, those arguments are forfeited for lack of a separate heading identifying them.  (*Tukes v. Richard* (2022) 81 Cal.App.5th 1, 12, fn. 5.)

[7] See *In re Marriage of Burgess* (1996) 13 Cal.4th 25, 32-33 ("the paramount need for continuity and stability in custody arrangements . . . weigh heavily in favor of maintaining ongoing custody arrangements").

Second, N.A. cites no authority to support the notion that a trial court must conduct a new evidentiary hearing on remand before making a new ruling in a child custody dispute.  Accordingly, the argument is forfeited on appeal.  (*Gonzalez v. City of Norwalk* (2017) 17 Cal.App.5th 1295, 1311.)  Even if we were to consider the argument on its merits, we would disagree.  (Cf. *In re Daniel Z.* (1992) 10 Cal.App.4th 1009, 1012, 1021 [if an open question "can be established on remand" in a dependency matter, "a full retrial will be unnecessary, as the admissible evidence will adequately support the orders"].)  Thus, this claim is unpersuasive.[8]

## DISPOSITION

The order modifying custody of J. is affirmed.

_____/s/_____
BOULWARE EURIE, J.

We concur:

_____/s/_____
EARL, P. J.

_____/s/_____
DUARTE, J.

_____

[8]  To the extent N.A. attempts to make any additional arguments under this claim, those arguments are forfeited for lack of a separate heading identifying them.  (*Tukes v. Richard*, *supra*, 81 Cal.App.5th at p. 12, fn. 5.)